IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAURA GRAY,<br>    Plaintiff,<br><br>v.<br><br>FMS INVESTMENT CORP.,<br>a Maryland Corporation,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. _____ |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.  This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. §§ 1692 <u>et seq.</u>, the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, and the regulations proscribed thereunder, 47 C.F.R. § 64.1200.

**SUBJECT MATTER JURISDICTION**

2.  Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's TCPA claims as they are so related to Plaintiff's FDCPA claims that they form part of the same case or controversy.

### PARTIES AND PERSONAL JURISDICTION

4. Plaintiff LAURA GRAY is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant FMS INVESTMENT CORP. is a corporation organized under the laws of the State of Maryland with its principal place of business in Illinois.  [Hereinafter, said Defendant is referred to as "FIC."]

6. FIC transacts business in this State.

7. FIC's transactions in this State give rise to the Plaintiff's Cause of Action.

8. FIC is in the business of the collection of debts.

9. In the course of its business, FIC directed telephone calls to Plaintiff's cellular telephone number in Georgia.

10. FIC is subject to the jurisdiction and venue of this Court.

11. FIC may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

12. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.  Specifically, the creditor on whose behalf the calls were placed may be added as a party and liable for the conduct of its agent.

## FACTS COMMON TO ALL CAUSES

13. FIC uses the mails in its business.

14. FIC uses telephone communications in its business.

15. The principle purpose of FIC's business is the collection of debts.

16. FIC regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

17. FIC attempted to collect an alleged obligation of a consumer to pay money to a business not a party to this litigation.

18. The alleged obligation of the consumer arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes.

19. The alleged obligation of the consumer was for an unpaid student loan.

20. The averments of the preceding paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and discovery. Said averment is based upon the identification of "I 3 Group," a division of FIC, as a "Student Assistance Group" when returning the telephone call.

21. FIC is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

22. FIC made and/or initiated telephone calls to Plaintiff's cellular telephone number.

23. The telephone calls were directed toward a person identified as "Lakia Jackson," or a similar sounding name.

24. Lakia Jackson is not a user of Plaintiff's cellular telephone.

25. Plaintiff does not know any person by the name of Lakia Jackson.

26. In at least six of the telephone calls, FIC used an artificial or prerecorded voice to deliver a message.

27. Each of the telephone calls initiated by FIC to Plaintiff's cellular telephone number were made and/or initiated using an automatic telephone dialing system.

28. The averments of the preceding paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and discovery. Said averments are based upon the defendant's use of prerecorded messages.

29. Plaintiff has not provided her prior express consent to be called on her cellular telephone number using an automatic telephone dialing system.

30. Plaintiff has not provided her prior express consent to be called on her cellular telephone number using an artificial or pre-recorded voice to deliver a message.

31. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

32. The telephone calls to Plaintiff's cellular telephone number which used an artificial or prerecorded voice to deliver a message were knowingly and/or willfully initiated.

33. In the messages, FIC identified itself only as "FMS".

34. The messages did not state that they were for the purpose of confirming or correcting location information.

35. There are several debt collection companies using the acronym "FMS".

36. In the messages, FIC did not provide meaningful disclosure of its identity.

37. Defendant's telephone calls violate the Fair Debt Collection Practices Act.

38. Defendant's telephone calls violate the Telephone Consumer Protection Act.

39. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

40. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

41. Defendant's violations of the FDCPA include, but are not limited to, the following:

42. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6).

43. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: TELEPHONE CONSUMER PROTECTION ACT

44. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

45. Defendant's violations of the TCPA include, but are not limited to, the following:

46. Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to a cellular telephone number without the prior express consent of the called party, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

47. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $500.00 per violation.

48. In the event that this Court finds that the Defendant's violations were committed willfully or knowingly, Plaintiff is entitled to an award of statutory damages of up to $1,500.00 per violation.

49. In the event that this Court finds that the Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, Plaintiff is entitled to an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

    a) That Plaintiff be awarded statutory damages;

    b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

    c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

**SKAAR & FEAGLE, LLP**

by:    /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax


James M. Feagle
Georgia Bar No. 256916
jimfeagle@aol.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax